UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SONNY DAVIS,

    Plaintiff,

  v.              CAUSE NO. 3:19-CV-321-DRL-MGG

JASON ENGLISH *et al.*,

    Defendants.

OPINION & ORDER

Sonny Davis, a prisoner without a lawyer, is proceeding in this case on two claims: (1) "against Jason English . . . for serving [him] a diet with gluten in it in violation of the Eighth Amendment [from July 2017 to July 2018]" and (2) "against Aramark [for] a policy or practice of serving Muslim inmates a diet that does not comply with their religious beliefs . . . in violation of the First Amendment." ECF 4 at 1-2. The defendants filed a summary judgment motion arguing Mr. Davis failed to exhaust his administrative remedies. Mr. Davis filed a response. The defendants filed a reply.

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. Nevertheless, "[f]ailure to exhaust is an

affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

Here, the parties do not dispute either the existence or terms of the grievance policy. Nor do they dispute that Mr. Davis did not file a grievance related to the claims raised in this lawsuit. The dispute here is whether Mr. Davis was prevented from filing a grievance. "[W]hen administrative procedures are clearly laid out . . . an inmate must comply with them in order to exhaust his remedies." *Pavey v. Conley*, 663 F.3d 899, 905 (7th Cir. 2011). A prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006).

In his affidavit, Mr. Davis affirms under penalty of perjury that he "was prevented from filing grievances at Westville from June 5, 2017, to July 31, 2018." ECF 18-3 at 2. In response, the defendants argue he was not prevented from filing grievances but was merely counseled about the grievance abuse

2

policy on September 4, 2018, at Wabash Valley Correctional Facility. *See* ECF 18-1 at 2 and ECF 21 at 3. That argument makes little to no sense. It concerns neither the relevant timeframe nor the relevant prison. While Mr. Davis' affidavit is a touch conclusory, the defense offers no explanation for whether or why he was prevented from filing grievances at Westville (not Wabash Valley) and from June 5, 2017 to July 31, 2018 (not September 2018). In addition, the defense's exhibits show that Mr. Davis did not file a single grievance from June 5, 2017 to July 31, 2018—this, despite his having filed five grievances earlier in 2017 and eight afterward in 2018. ECF 16-1 at 23-24. This evidence creates a genuine dispute as to whether Mr. Davis was prevented from using the grievance process.

Based on the record before the court, the summary judgment motion must be denied. Resolving whether Mr. Davis was prevented from using the grievance process will require a hearing as explained in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). If the defendants want to continue to pursue the affirmative defense of failure to exhaust administrative remedies, they must ask for a *Pavey* hearing.

For these reasons, the court:

(1) DENIES the motion for summary judgment (ECF 14), and

(2) ORDERS the defendants to file a notice within fourteen (14) days of this order either withdrawing the exhaustion defense or asking for a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

SO ORDERED.

March 17, 2020   *s/ Damon R. Leichty*
  Judge, United States District Court